is not guilty of a section 924 C carrying offense because he did not carry a firearm during a crime of violence. The question in this case is about whether or not a firearm was carried during a crime of violence. When the statutory robbery offenses of federal carjacking and federal enclave robbery begin and in particular whether those crimes had begun in this case at the time that Mr. McHenry got out of his parked car at the Motel 6 leaving his shotgun behind. They had not. At that point in time, Mr. McHenry had not yet committed any of the acts that constituted the essential conduct elements of either offense. The essential conduct elements in this case are clearly set out in the statute. They require the taking of property from the person or presence of the victim by the use of force and violence or intimidation. It is not possible to begin to commit those essential conduct elements before you have ever encountered the victim, before you've arrived at the location where the robbery would take place, before you have ever seen any of the property that you will end up taking. I hope she could tell us when you think it started. I think the earliest point in time, I recognize that we're in a very deferential standard here. The earliest point in time is either when they knock on the door or when the door is opened and they step into the motel room. OK, so why not getting out of the car and just walking to the door? Because that is not the use of force and violence or intimidation. It's not a taking. But don't you have to get where you're going, I guess is my question. Yes, Your Honor, you do. There's definitely predicate acts that come before a criminal offense. So walking to the door is a predicate act? Yes, Your Honor. I think, obviously, I quibble with whether it constitutes a substantial step in this case. But even accepting that he had the intent at the time to commit these particular offenses, it's no more than a substantial step. And we know that from clearly established law from the Supreme Court, we know when a crime occurs. The Constitution says that you can only have a trial where a crime occurred. The U.S. Supreme Court has said, well, where depends on when, which I think is pretty obvious. They say it occurs when the acts of the defendant that constituted the violation, where the offense was begun, continued or completed. But it doesn't include anterior criminal conduct. If this were an attempt case, then you would say the substantial step is where it started. But because this is a completed crime, you think that then we look when the first element occurs. Yeah, if it were an attempt case that was defined according to the common law, then a substantial step would be an element. So it's the same test that would be applied in either circumstance. But we know from Taylor that, I believe Taylor's, I'm sorry, that a substantial step, excuse me, an attempt to commit a crime of violence and in particular attempt to commit a robbery is not itself a crime of violence. So what the government is really trying to do here is get around that case and say, well, if you carry a gun during an attempt to commit a crime of violence but never complete the offense, it's not a 924C. But if you complete the offense, well, it's a 924C. And that simply doesn't work. Their theory here that a crime somehow begins, you know, federal statutory crimes begin with a common law attempt, it has no support in the law and is contrary to law. There is no federal common law crime of attempt. There is no statutory attempt crime. Specific crimes do occasionally in the statute define an attempt crime, but there is no attempted robbery that is a crime of violence in this case. And I think that the law, the cases that make it clear is that this theory doesn't work. Counsel, can I ask you, you're focused on the front end of the robbery, but what about the back end? We do have cases that say flight from the scene of a robbery is encompassed within the offense of robbery. Why couldn't the jury here have looked at these facts and thought, well, he carried the firearm when they drove off in the Honda and the Subaru and concluded that the flight was part of the robbery as well? The government has abandoned this theory, so I don't believe that the court needs to reach it or should rule on that ground. But this is a sufficiency challenge, so we're sort of looking at the evidence as a whole and trying to figure out is there, you know, could a rational jury have found beyond a reasonable doubt the elements of this offense? So why couldn't a rational jury have thought, well, even if the robbery didn't begin until they encountered CJ, it seems to me, though, as they're carrying off all the loot, even if they weren't specifically instructed, you know, we know that we have cases that say that. Why couldn't we then say that, affirm on the grounds that the flight is where the carrying occurred? Yeah, and Your Honor, this particular robbery offense we know, or excuse me, these two robbery offenses, we know do not have an aspartation element. So, you know, in Carter, the Supreme Court said, if the statute says take no aspartation element, take and carry away, well, now it invokes the common law and has an aspartation element. So the statute or language for both of these offenses is just take. In this circuit, the only case where this court has said that a robbery includes the escape phase was when the court believed that it was dealing with a statute that contained an aspartation element. And even though that's not part of the discussion in that particular case, it relies on other circuits and essentially every circuit to have said that there's an aspart, excuse me, that includes an escape phase. It has been talking about a statute that they believed at the time had an aspartation element. Well, but for carjacking, they're still carjacking so long as they have the car, aren't they? No, Your Honor. And I think the clearest case to understand when the crime of carjacking ends is U.S. v. Long Pumpkin. I know that that's an Eighth Circuit case, but they take real care there to say this crime only includes the taking. When is it still part of the taking and when is the taking over? And they had two 924Cs in that case. They upheld one of them because the taking wasn't complete yet. They were still trying to obtain possession and control over the vehicle. The second time that a gun was used, excuse me, was discharged in that case, they'd already taken complete control of the vehicle. They're still in the vehicle. They still have the victim in that case in the vehicle, but they had fully completed the carjacking. I think, Your Honor, that there are some other carjacking offenses set out in the same statute that talk about carjacking that leads to death. This Court has been very clear that that is not looking at does it happen during the carjacking itself, but that it's looking for proximate cause. And that is not a crime that we're dealing with in this case. In this case, the taking was complete, and that was the last element of the crime that was charged here. What is your best authority for your theory that the robbery doesn't begin until they encounter the victim? You stated it with a lot of certainty. I guess I didn't glean from your briefs any cases that say explicitly what you just said in the context of a robbery offense. Yes, Your Honor. And this is kind of a unique theory that the government is going forward with here. I couldn't find any cases where they tried to do this. And they didn't even go into this case intending to do it. They had in their mind that Mr. McHenry had a handgun on his person while he was in the motel room. Turns out that wasn't true. The evidence didn't come out that way. So instead of dropping the charge, they proceed on this theory. So Your Honor is right. There's not going to be a 924C case that talks about this because this is just something that they're trying to do for the first time. But the reason that I'm confident in that, there's two reasons. One, we have a really clear test that has to be one of the acts constituting the elements of the offense. And the conduct elements here require a taking by use of force. And you simply cannot start to take property. You cannot start to use force or violence or intimidation against a person until you've encountered that person. Maybe you could do it over the phone. Is that United States v. Rodriguez that you're saying is the case that says it has to be one of the elements? Yes, Your Honor. For a completed crime? Yes, Your Honor. Okay, and that's a venue case? Yes, Your Honor. And so your theory is that in order to determine venue, the Supreme Court had to determine where the crime occurs. And that where was answered as when the acts that constitute elements of the offense. Am I understanding your argument? Yes, absolutely, Your Honor. And then if you want to look at how that's been applied, again, you can look at the Eighth Circuit case, U.S. v. Parker. And that's a case that deals with the same federal enclave robbery statute that we have here, although a military-based. And they talk about, you know, the location of the planning. They just drop a footnote. And they're like, that is not relevant to determining where the offense happened. And that's because it's not part of the offense, right? That would be certainly a substantial step if we were talking about an attempt. But it's not, you know, in the language of the Constitution, where the crime shall have been committed. It's not for the purpose of the federal enclave robbery, right? For the federal enclave, there needs to be part of the crime committed on the federal enclave. And we know in that case that the planning is not part of the crime. And you can kind of imagine this case. Imagine that, you know, as we are, most of this area of Oklahoma is Indian country. But in this case, the motel itself and the particular parking lot where the victim's car was, it's not Indian country, right? Mr. McHenry's car is kind of around the corner out of the way. Let's say that is Indian country. Same facts. Mr. McHenry drove with the shotgun, with whatever plan he may or may not have had. He parks the car and gets out. Now he goes to the motel. He starts to use force and violence and intimidation. He takes property. He takes the car. In that situation, you would not have federal enclave robbery because there would have been no robbery that occurred in any part in Indian country. Counsel, can I ask you sort of a different question? For 924C predicates, we have crimes of violence and drug trafficking crimes. We have a body case law on drug trafficking crimes, Muscarello and some of the cases that follow, that do talk about carrying a firearm that's stashed with the drugs in the car. Do you see a difference between crimes of violence predicates and drug trafficking offense predicates in the context of carrying? Only to the extent that they have different elements. And so what you see in the drug trafficking cases is that generally those are being upheld where, first of all, there is a general attempt statute for drug trafficking crimes. But you also generally see those cases where the charge is possession with intent to distribute. And so that crime occurs where you have the possession and the intent at the same time. And if you're carrying your drugs and you're carrying your gun together and you're on your way to wherever the transaction will occur, well, of course, that's carrying during the commission of that particular drug trafficking offense. If you did have a case where they merely charged distribution, right, the actual sale, but you had left the gun in the car when, you know, when you went to the place where you were doing your sale, then no, I think under my rule you wouldn't have the 924C. I just don't think the government would charge it that way. If there's no further questions, I'd like to reserve the remainder of my time. Thank you. Thank you.  Big height differential. May it please the Court. My name is Luke Rizzo. I'm an AUSA from the Eastern District of Oklahoma. The only issue here is whether sufficient evidence was presented for the jury to convict defendant on count five, carrying a firearm during and in relation to a crime of violence. The challenge to the sufficiency of the evidence usually requires a court to determine whether any rational trial or fact could have found the defendant guilty beyond a reasonable doubt. All the evidence is viewed in the light most favorable to the government's case to the jury's verdict. There is no dispute. Let me, in looking at the evidence, you don't, you concede that there was no evidence that there was a gun on the actual robbery occurred in the hotel room? Correct, Your Honor. Okay. So we are all in agreement that the only firearm we're talking about stayed in the car? We are in agreement on that, Your Honor. And to be clear, the jury, based on the verdict and the verdict form itself, they have a special question and they say he carried it as opposed to used it. And so I think that's not in dispute. To that point, the government showed, you know, during the trial that defendant carried the firearm by proving that after deciding to commit the robbery, defendant forced the female victim into the trunk of his car at gunpoint. He took the shotgun, he put it in his car, he drove to the Motel 6. The only plausible reason on the record to do that is he has the intent to commit the robbery. It's a substantial step traveling to the crime scene. He also has his accomplices following him in tandem. He gets out of the Motel 6, opens the trunk, threatens to kill the female victim, unless she gives him the correct room number so he could take another step to the robbery. He goes up to the room. He has a female accomplice knock on the door so he can't be seen through the peephole, and then he barges in. So he's possessing the firearm. He's carrying it. There should really be no— Well, he's not carrying it then. Well, again, I guess to the crux of the matter is when did the robbery and carjacking actually begin? And do you have any case law? I mean, the case law here, there's nothing directly on point that I have seen. And, I mean, you cite a case, I think it's Monroe? Correct, Your Honor. But that case is an attempt case. So it doesn't really help me to decide whether the defendant's argument here is correct because obviously it's an attempted sexual assault case, and so you are looking at when there's a substantial step towards completion of the crime. There's no—he wasn't convicted of attempt here, correct? That's correct, Your Honor. Okay, so what's your best case for why I should look at substantial step in a completed crime? Well, Your Honor, the point of Monroe and the citation to Monroe is really to draw a parallel. So in Monroe, yes, he's convicted of, I believe, a 24-22 enticing and coercing a minor. He's convicted of attempting that. Mind you, he could never have possibly completed that crime in that particular case because the minor is an undercover agent. The reason why the government cites it is, again, to draw what it believes is a reasonable parallel. You know, that individual, he's enticing a minor online. He has the intent. He takes a substantial step to go meet up with the alleged minor, well, the undercover agent. He brings a gun with him. That's the 924C. Now, granted, of course, that's an attempt, substantial step. But the reason, again, there is not an exact case on point. What the government is proposing is merely that when you attempt something, you started it. An attempted crime is the beginning of the crime. Now, the government, an example, you know, that— Yeah, but didn't the government make that same argument and lose in the Taylor decision before the Supreme Court in 2022? I mean, in that case, they were looking at whether or not Hobbs Act robbery attempt was a crime of violence. I get it. The question was different, but the argument that was made was the same. And the Supreme Court was pretty clear about delineating the difference between the attempt and the completed acts of Hobbs Act robbery. So can't we, you know, look at not just the absence of case law that really supports the parallel you're trying to draw, but glean from Taylor that maybe there's direct authority from the Supreme Court that says that we shouldn't draw that parallel? Well, Your Honor, obviously, Taylor has to do with, as the government recalls, mostly whether the crime was a violent one or not, whether an attempted robbery or carjacking could be a violent crime. Now, obviously, here in Nick Henry, he completed his crime. Part of what the government is proposing is sort of, you know, there's a lot of talk from the appellant about, well, you know, you've got to complete an element, you've got to complete elemental conduct, you've got to complete or you can only complete predicate acts. Quite frankly, it's, you know, there's a lot there. And there's also a lot of citations to whether jurisdiction, whether there's venue, and like let's sort of add these questions to a case that does not need that complication. But the analogy that the appellant is drawing from United States v. Rodriguez is that the Supreme Court was faced with the question of when does it start and when does it end? And that's the issue here, isn't it? If you have to carry it during the commission of the crime, then we're looking at when does it start and when does it end? Of course, Your Honor. And one way the government likes to look at it is thinking about federal second-degree murder, right? So if an individual, he shoots someone five times, the person lingers in the hospital for seven days, he didn't commit any element of the murder yet. He didn't cause a death. All he has is that malice of forethought, the intent. So when an individual dies seven days later, you know, the appellant's point is when he dies, you know, a week after the shooting, that's when the murder began. And that's when it ends, too. And to the government, that point, that just doesn't seem logical. I think that doesn't work because part of the elements of the crime are his intent to murder, right? So you have the intent to murder when he fired the gun. And then the person dies when the person dies. So there it is, a required element of the crime of second-degree murder. And it just so happens that the completion of the crime with the final element doesn't happen until later. But here, there's not a single element of the crimes of violence here that is ongoing when the gun is just sitting in the car. Forgive me, Your Honor. You're asking if he committed an element of the- Crimes of violence here. If you focus on the elements of the carjacking and the, I think it's enclave robbery, the two crimes of violence here, was he armed during the commission of any act that constituted an element of either of those crimes is what I'm asking. And the government understands the question. So it's basically the way the government views the timeline of the case, the robbery- Well, can you answer my question first and then tell me why it's a bad question? No, not my intent, Your Honor. So the gun is in the car and he goes up to commit the robbery. He's obviously not literally in possession of it. The government would argue he's constructively in possession, part of what he's doing. He's forcefully taking, he's committing that element of the robbery, but it's still in his possession constructively. He still controls it. The government focuses on the testimony at trial of that male victim in the hotel room who says, he threatened to kill me, he threatened to blow my head off, blow my genitalia off. He means with his shotgun, you know, that's probably, you know, the government is suggesting that's likely how the jury took it. That's why they convicted- But the victim thought he was armed then with a gun. Correct, Your Honor. And clearly that came from the actions of the defendant and the statements he was giving. And he, you know, part of, you know, there's obviously multiple parts of the 924C. Part of it is, you know, whether, you know, during and in relation to, and again, the real issue here, whether he's using it during or in relation to the crime, the government doesn't think there's any issue there. What if McHenry and his accomplice pull up to the Motel 6, park the Honda, get out, walk up to the hotel room, and right before they knock on the door, they have a moment of clarity and conscience. And McHenry says, you know what, maybe we should just, you know, leave this room alone. And they turn around and walk back to the Honda and drive off. What crime did they commit? Well, at that juncture, I suppose it wouldn't be an attempted robbery, perhaps because he retreated or he gave up the plan. But then again, I mean, I'm not absolutely sure. So if that's true, attempted robbery, Hobbs Act robbery, of course, is not a crime of violence predicate. Sure. So isn't that sort of delta a problem for your facts here? And just so easily saying, well, you know, but he possessed the car or had still had dominion or control over the shotgun because it was in the car. Well, possession is a separate 924c offense than the carrying, which is what the jury found here. So I have a hard time saying, well, just because he still exercised dominion of control of the shotgun because it's in the Honda, that's not what the jury found here. They found carrying. So I just am having a hard time linking up, you know, how these pieces fit together. Well, the government thought of that concept, Your Honor, and it's sort of if the defendant, he's at the hotel room door, let's say cops jump out and prevent him from completing the crime. So all he could ever be charged with is the attempted robbery. Naturally, you know, the only reason he wouldn't be charged with a 924c is because the attempt isn't a crime of violence. It, you know, like that's the reason why, you know, that would be out the window. And the government understands that. But again, like and the reason why the government draws is considering attempt and presenting that as part of its argument. It's just for this. When did the crime begin? You know, I mean, obviously the whole case, you know, it's not an attempt. He completed the crime. And based on what the jury found, he's carrying the firearm. You know, they convicted him of this. And it's also important to note from the government's mindset or the government's position is simply that even with all this discussion and the legal nuance of, you know, when did this particular crime begin? Like at the, you know, at the core of this, it's really about sufficiency of the evidence. The jury's verdict, the question of whether any rational trier of fact could have found the defendant guilty. And again, the government is only suggesting here that the jury was rational. The jury didn't say. It's embedded with a legal issue, isn't it? I mean, the jury doesn't get to decide what it means to carry during a crime of violence. I mean, we have to put some parameters on that legally. And then if there was no evidence presented or if there's a concession that there was no evidence that there was carrying during the crime, then it would be insufficient. No rational jury could find under those circumstances, right? The government agrees with that, Your Honor, of course. Yeah. So so the question for us, I mean, it's a it's a difficult little issue and there doesn't seem to be a lot of law, right? Directly on point. But I see a big difference if he had carried the shotgun up to the hotel room and propped it against the wall and then opened the door and made threats because it's obviously there and ready to be used. Then whether, you know, he had it for they he left it in the car and somebody drove the car around the block a few times. I mean, it seems to me it matters whether it was accessible to him during the commission of the crime of violence. Of course, Your Honor. And part of the reason the government brings the jury up is they they're hearing the statements he was giving, the threats he was making. They know the guns in the trunk. They know he already pointed the gun at the female when he tied her up, beat her, sexually assaulted her. Got this information out of her. They know he already did that with the gun. They hear the same threats to the male victim. They know he has the gun in the car. I mean, that's what why the government points it out. I mean, this is, you know, the defendant's actions are making it so that he's use it or he's, you know, using the carrying the firearm in relation to the crime. He has it available. What's your best case that says that I think in their brief you framed it as it gave him confidence to commit the robbery because if the guy doesn't do what he says, he's got a shotgun outside. What's your best case for that? Your Honor. Courage. So courage to lending courage to the possessor of the firearm. That would be United States McKissick. And that is, that's a 10th Circuit case from 2000. It's 204 F3D 1282. Is that a drug trafficking predicate or a crime of violence predicate? You know what, Your Honor, I'm not aware of that right now. I'll look at the case. You know, I asked about the difference or do you see the same difference between drug trafficking predicates and crime of violence predicates about sort of when they begin because of that body of law that says keeping the guns with the drugs in the car is sufficient? Your Honor, well, I'm going to run out of time, but if I may answer your question. Okay. So yeah, I listen, there's a lot of variables there, Your Honor, from the government's perspective. Now, when you generally have a gun with the drugs in the car, it's going to be a 924 C. You know, whether or not he's charged as intent to distribute or conspiracy, that does matter. And that's part of, you know, one of the appellant's cases, I believe Richardson. But, I mean, yeah, it's a possession with intent to distribute and the individual has the drugs and the gun in the car. That's going to be a 924 C, at least in the Eastern District of Oklahoma generally. And Judge Ide has a question. I was wondering, are you abandoning all reliance on the flight argument? No, Your Honor. You've not spoken of it at all. No, Your Honor, that hasn't been abandoned. Okay. Why have you not spoken to it? Do you think it's not a good argument? No, Your Honor. Well, the government believes Von Roeder. That's the case, I believe, from 1970. The circuit, the robbery, the escape from the robbery is part of the robbery crime. I mean, the government thinks that's sort of well known. And, you know, until he gets to a point of safety, a relative safety, the robbery isn't over. And so him and his accomplice, you know, to be sure, the defendant is driving the victim's car, so the gun is in the car of in the Honda that he, so it gets a little complicated there, but his accomplice is driving the car with the firearm in it. And as they drive away, yes, the government has never abandoned the notion or the theory that the robbery is still continuing while they escape. And wouldn't that be sufficient here to argue for you to prevail in the case or no? Well, the government believes it would be. It's only suggesting, I mean, part of the defense of this verdict is that the government is saying the crime, it started when he put the woman in the trunk with the intent and it ends when he's relatively free and they're on the road, you know, to his next crime. Okay. Thank you. Thank you, Your Honor. And can you give her an extra minute because he went over. Maybe you can start with Slate. Yes, Your Honor. That was just what I was planning on doing. You know, the government says it's not abandoned. They've certainly never developed it. I struggle a little bit, you know, if any of Your Honors have specific questions that I can address. The point of relative safety, unquestionably they were at a point of relative safety if that were to be the right test, which it's not. What is the right test? Your Honor is saying if escape is part of a non-aspertation robbery offense. And I understand you don't agree that it is. Yes, Your Honor. And this court in Von Roeder didn't talk about it, but it happened to be in that case that there was hot pursuit that was ongoing. They were at the airport. I think the police were coming up the tarmac. And almost every other circuit has talked about hot pursuit or immediate removal. But generally speaking, hot pursuit. There is no hot pursuit in this case. There's no chance for hot pursuit in this case. So hot pursuit is required for the crime to be continuing? Yeah. If there is an escape phase, I do believe that hot pursuit is required for there to be an escape phase. How does it end? You know, I think it's not just so long as you possess the property. That can't be right. That could be years and years and years. Even just as you're driving away, right? In this case, the testimony at trial is that the victim was back in his motel room, believed that he had no clothes. There was no motel room phone. His cell phone had been taken. There's no one else seen on video or testified about. There's no one trying to stop them from leaving. There's no one who follows them. The other thing that the government is kind of, I think, throwing in here is a little bit of aiding and abetting liability, which is an argument that they also have abandoned. They did request the instruction below. They never argued it to the jury. They never pursued it on appeal. And I think rightly so, because there's the code of it in this case wasn't a 924C principle. She did not. She testified, and there was no contrary testimony, that she didn't know that the gun had come to the motel until she got into the car to leave after all of the items had already been taken. The robbery, you know, with the potential exception of an escape phase, is already complete. And for her to be the principle, she needs to not just know about the gun. That would be enough if she were the accessory. She needs to do it in relation to the crime, which this court has repeatedly defined to require an intent for the weapon to be available for use during the predicate offense. That's U.S. v. Nicholson, Shuler, Miller, Matthews, a whole series of cases. And there's just not evidence that she could be a principle in this case. So, again, they've abandoned escape. They've abandoned aiding and abetting. They haven't developed it, and the theory really just isn't there in the facts of this particular case. Counsel on flight, do you know whether it was argued to the jury about escape or flight or whether that came up at all during the trial? The government's argument to the jury went way to the end of this. They essentially said, you know, once they've gotten to wherever it is they're holding the kidnapping victim, I don't remember exactly how far away, but it's a bit of a schlep. And, you know, and in that point, any time that Mr. McHenry carried that firearm, that was sufficient. So, yes, they don't talk about escape phase. It's not defined for the jury. I think, you know, the jury in this case wrote the time element out of the case. So I don't think there's a deference to the jury issue in this case. Thank you. Thank you, Your Honor. We will take this under advisement. We appreciate your argument today.